File Name:  08a0582n.06
Filed:  September 30, 2008

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No.  06-4438

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

DERRICK BIRD,

      Petitioner-Appellant,

v.

ANTHONY J. BRIGANO, Warden,

      Respondent-Appellee.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF OHIO

_____/

**Before:**      **MARTIN, ROGERS, and SUTTON, Circuit Judges.**

      **BOYCE F. MARTIN, JR., Circuit Judge.**  Derrick Bird, a state prisoner, petitioned the

district court for a writ of federal habeas corpus. Bird claims that his Fifth Amendment right against

self-incrimination was violated when, after being given his *Miranda* warnings and waiving those

rights, police failed to cease questioning him after he subsequently invoked his right to remain silent.

Under deferential habeas review, however, we cannot agree. We therefore affirm the district court's

denial of Bird's habeas petition.

I.

      In May 2001, Middletown, Ohio police suspected Derrick Bird of murder and contacted him.

Bird eventually went to the police station where officers interviewed him in a locked interrogation

room.  They gave him his *Miranda* warnings, he signed a waiver card, and he submitted to

questioning. After a lengthy statement, Bird was arrested and booked. He filed a motion to suppress his statement, which was denied, and he was eventually convicted of aggravated murder and aggravated robbery and sentenced to consecutive terms of life imprisonment.

The Ohio Court of Appeals affirmed Bird's convictions on direct appeal, *State v. Bird*, 2003 WL 21135272 (Ohio App. 12 Dist. May 19, 2003), and the Ohio Supreme Court denied leave to appeal. Bird filed a federal habeas corpus petition in the district court alleging that: (1) after giving him his required *Miranda* warnings, police violated his Fifth and Fourteenth Amendment rights when they failed to honor his demands to end custodial interrogation; and (2) his Fourth and Fourteenth Amendment rights were violated because the warrant for his arrest was not assessed for probable cause, did not contain case-specific facts in the affidavit, and led to an incriminating statement. The state filed a return of writ, and Bird filed a reply. The magistrate judge recommended that Bird's petition be denied as without merit and that the district court not issue a certificate of appealability. After Bird's objection, the district court adopted the magistrate judge's recommendation and denied Bird's petition, but it sustained his objections insofar as the court granted Bird a certificate of appealability with respect to his claim that his right to remain silent was violated. This Court denied Bird a certificate of appealability on his second claim, and we now address his first.

II.

We review a district court's legal conclusions and mixed questions of law and fact de novo, and we review its factual findings for clear error. *Armstrong v. Morgan*, 372 F.3d 778, 781 (6th Cir. 2004); *Lucas v. O'Dea*, 179 F.3d 412, 416 (6th Cir. 1999). Under the Antiterrorism and Effective

Death Penalty Act of 1996, a federal court may not set aside a state judgment sustaining a prisoner's conviction without finding that the decision (1) is "contrary to," or an "unreasonable application" of, "clearly established federal law," or (2) was based on an "unreasonable determination of the facts in light of the evidence presented" to the state courts. 28 U.S.C. § 2254(d).

A state court decision is "contrary to" established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if it decides a case differently than the Supreme Court on materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court decision is an "unreasonable application" of clearly established federal law if the state court identified the correct legal principle but unreasonably applied it to the facts of the prisoner's case. *Id.* at 413. And although "clearly established federal law" in § 2254(d)(1) simply "refers to the holdings" of the Supreme Court, courts may look to the lower courts of appeals' decisions to inform the analysis of Supreme Court holdings in determining whether a legal principle has been clearly established by the Supreme Court. *Hereford v. Warren*, 536 F.3d 523, 528 (6th Cir. 2008) (citing *Hill v. Hofbauer*, 337 F.3d 706, 716 (6th Cir. 2003)).

III.

The Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. The government may not use statements obtained from a suspect during a custodial interrogation unless the suspect was given the warnings of *Miranda v. Arizona*, 384 U.S. 436, 444 (1966), and waives his rights "voluntarily, knowingly, and intelligently." *Id*. If, after a valid waiver, the suspect "indicates in any manner, at any time . . . during questioning, that he wishes to remain silent, the interrogation must cease." *Id.* at 473-74. Although

sufficient requests to invoke the right to remain silent must be "scrupulously honored," *Michigan v. Mosley*, 423 U.S. 96, 103 (1975) (internal quotations omitted), the Supreme Court has not specifically addressed what qualifies as a sufficient post-waiver invocation of the right to remain silent. In the context of a post-waiver request for counsel, however, the Court has stated that "if a suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer in light of the circumstances would have understood only that the suspect *might* be invoking the right to counsel," then police are not required to cease questioning. *Davis v. U.S.*, 512 U.S. 452, 459 (1994) (emphasis in original) ("[T]he suspect must unambiguously request counsel."); *see also McGraw v. Holland*, 257 F.3d 513, 519 (6th Cir. 2001) (applying *Davis* to an invocation of the right to remain silent).

With these principles in mind, we turn to Bird's two primary arguments on appeal. He first argues that the Ohio Court of Appeals applied law "contrary to" Supreme Court law by relying only on its own Ohio case law, which he claims failed to follow Supreme Court precedent. This ought not delay us long. The Ohio Court of Appeals relied primarily on *State v. Murphy*, 747 N.E.2d 765 (Ohio 2001), a case which applied, quoted, and cited *Davis* and properly identified the principle that police need only cease an interrogation if the suspect's request is "unambiguous." *Id.* at 778. And the Ohio Court of Appeals itself explained this principle in language paralleling language in *Davis*. *State v. Bird*, 2003 WL 21135272 (Ohio App. 12 Dist. May 19, 2003). This is enough under the deferential AEDPA standard to conclude that the state court decision was not objectively unreasonable. But we also observe that it is difficult for a federal court to say that a state court acted contrary to Supreme Court law when the Supreme Court has not specifically addressed the question. *See Carey v.*

*Musladin*, 549 U.S. 70 (2006).

Second, Bird points to two incidents that he claims amounted to unequivocal demands to cease questioning. The first incident occurred about a half an hour into the interrogation, when Bird stated that "there's no sense me sitting here trying to say what happened with me . . . because as usual, when it comes to Derrick Bird, he's guilty." He then stood up, saying, "You take me in; get booked, man." The detectives told him to sit back down. Bird then continued to answer questions. The second incident occurred sometime later, when a third detective entered the room and told him: "This is your chance to talk about it. You been talking about it [to others]." Bird replied: "Everything's right there in the paper. I'm done talking about it."

Bird argues that his standing up, especially when coupled with his later statement that he was "done talking about it," could be viewed as an invocation of his right to silence. And taken in isolation, out of context, that is not an unreasonable conclusion. But context matters. When Bird stood up and talked about getting taken in (despite already being at the police station) the state court was not unreasonable in finding that his actions did not amount to an "unambiguous" request for counsel. As the district court observed, this could reasonably be interpreted as simply an act of frustration, not an attempt to end the interview. And the "paper" Bird referred to was not a sworn statement he had made but was instead, as the Ohio Court of Appeals found, a list of the witnesses the police had recently spoken to along with statements they had made incriminating Bird. Indeed, the Ohio Court of Appeals, the magistrate judge, and the district court all reviewed the videotape of the police interrogation in this case before concluding that Bird's supposed invocations of his right to remain silent were ambiguous.

Moreover, even if we were inclined to agree with Bird, the state court's decision did not amount to an unreasonable application of federal law in light of relevant precedent. For example, in *McGraw v. Holland*, 257 F.3d 513 (6th Cir. 2001), this Court granted petitioner's habeas relief, concluding that she had unambiguously invoked her right to remain silent when she repeated that she "didn't want to talk about it" eight or nine times. *Id.* at 517-18; *see also Anderson v. Terhune*, 516 F.3d 781, 786 (9th Cir. 2008) (en banc) (holding unreasonable a state court's conclusion that the invocation of the right to remain silent was ambiguous where "the defendant not only use[d] the facially unambiguous words 'I plead the Fifth,' but surround[ed] that invocation with a clear desire not to talk any more"). These cases set a standard Bird cannot meet, and thus the state court did not unreasonably apply federal law in holding that Bird's invocations were insufficient.

IV.

For the foregoing reasons, we AFFIRM the district court's denial of habeas relief.